UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **NERISSA CARR, ET AL** | : | **CIVIL ACTION NO.:** |
| | : | |
| **VERSUS** | : | **JUDGE:** |
| | : | |
| | : | **MAGISTRATE JUDGE:** |
| **VERMILION PARISH SCHOOL BOARD** | : | |

## NOTICE OF REMOVAL

Defendant, the Vermilion Parish School Board, files this Notice of Removal pursuant to 28 U.S.C. § 1332, § 1441 and § 1446(a), and hereby removes this matter from the 15th Judicial District Court for the Parish of Vermilion, State of Louisiana, to this Honorable Court on the grounds set forth below:

1.

This action has been brought in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, by the filing of a Petition for Damages on October 26, 2018. The action bears Docket No. 105801, Section "F", and is entitled, "*Nerissa Carr, Holly Leblanc, Alicia LaSalle and Jaimee Romero individually and on behalf of all other similarly situated employees of the vermilion parish school board versus Vermilion Parish School Board.*" (See Plaintiffs' Petition for Damages, attached hereto and marked for identification as Exhibit "A").

2.

The Petition seeks Declaratory Relief and payment of extended sick leave benefits to which Plaintiffs allege they are entitled under state and federal law. Plaintiffs allege that they are all teachers employed by Defendant who within the prior three years who were denied the right to use their accumulated "extended sick leave" for personal illness related to pregnancy. Plaintiffs purport to be bringing this lawsuit on behalf of a class of all similarly situated teachers employed by Defendant. Plaintiffs are seeking to recover the benefits they were allegedly denied for a period beginning three years prior to the filing of this petition.

3.

Defendant, the Vermilion Parish School Board, denies each and every one of Plaintiffs' allegations.

4.

Defendant, the Vermilion Parish School Board, desires to remove this matter from the 15th Judicial District Court for the Parish of Vermilion, State of Louisiana, to the United States District Court for the Western District of Louisiana, pursuant to the provisions of 28 U.S.C. § 1441, *et seq.* and 28 U.S.C. § 1446, *et seq.*

1. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1331 and 28 U.S.C. § 1441.**

### a. Plaintiffs have facially plead a claim that arises under federal law.

5.

Plaintiffs allege in their Petition in paragraph 47 that "Despite the mandates of state law (La. R.S. 23:341(B)(1) and federal law (42 U.S.C. §2000e(k)) that pregnancy, childbirth, and related medical conditions be treated as any other temporary disability for all employment-related purposes… each member of the Class was informed by representatives of the Board that they were unable to use their extended sick leave for their personal illness related to pregnancy."

6.

Plaintiffs allege in their Petition in paragraph 49 that they are "…affected by the foregoing statutes and they are aggrieved by the Board's interpretation of the foregoing statutes and the Board's application of those statutes to them."

7.

Plaintiffs allege in their Petition in paragraph 50 that they are "…entitled to a determination of the Board's construction of the foregoing statutes and to obtain a declaration of their rights, status, or other legal relations thereunder."

### b. Plaintiffs have "well plead" a federal complaint.

8.

In paragraph 6 of the Petition, Plaintiffs seek to define the purported Class as all female teachers who were employed by the Vermilion Parish School Board during the three

years prior to the filing of this Petition, who were granted maternity leave, had no remaining regular sick leave but did have an extended sick leave balance available but were denied the right to use that balance for personal illness related to pregnancy.

9.

In paragraphs 52 - 54 of the Petition, Plaintiffs allege that they are entitled to recover "the extended sick leave benefits to which they are entitled….for personal illness related to their pregnancies in the same manner as any other temporary disability."

10.

In paragraph 47, Plaintiffs allege that Defendants violated "state law (La. R.S. 23:341(B)(1) and federal law (42 U.S.C. §2000e(k)) that pregnancy, childbirth, and related medical conditions be treated as any other temporary disability for all employment related purposes…"

11.

Louisiana law provides that an employee has a cause of action against her employer for sexual discrimination and may recover compensatory damages, back pay, benefits, costs and attorneys' fees. La. R.S. 23:303(A). But, this cause of action is subject to a one year prescriptive period. *Id.* at (D).

12.

The Federal Equal Pay Act, 29 U.S.C. § 206(d), prohibits an employer from discriminating "…between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work…" In this context, "wages" includes fringe benefits such as paid leave. This action must be commenced within two years of its accrual, but may be extended to three years if there is a willful violation. 29 U.S.C. § 255.

13.

Plaintiffs' Petition was filed on October 26, 2018.

14.

Plaintiffs Nerissa Carr, Alicia LaSalle and Jaimee Romero (three out of the four purported class representatives) all allege entitlement to relief for violations that are facially prescribed under La. R.S. 23:303, but possibly may still be commenced under the two and/or three year federal statute of limitations. 29 U.S.C. § 206(d); §255(a).

15.

Under the "well plead complaint rule," and "artful pleading rule," Plaintiffs have plead a federal complaint which they could have originally filed in this Court such that removal is proper. Plaintiff may not frame this suit as one grounded in state law and omit

federal claims that are essential for their recovery so as to defeat federal jurisdiction. *See, Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 22 (1983).

2. **DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

   a. **Removal is timely.**

16.

Defendants was served with a copy of Plaintiffs' Petition on October 30, 2018.

17.

The Notice of Removal has been filed within 30 days of service upon Defendant of the aforementioned pleading setting forth the claims for relief upon which this civil action is based, all in accordance with 28 U.S.C. § 1446(b).

   b. **Venue is Proper in this Judicial District.**

18.

The 15th Judicial District Court for the Parish of Vermilion, State of Louisiana, is located within the Western District of Louisiana. Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

   c. **All Notices and Pleadings are Being Properly Provided.**

19.

Pursuant to 28 U.S.C. § 1446(a) a copy of the Petition for Damages is attached hereto and marked for identification as Exhibit "A." Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiffs, Nerissa Carr, Holly LeBlanc, Alicia LaSalle and Jaimee Romero, and a copy is being filed with the Clerk of Court for the Parish of Vermilion, State of Louisiana. All other process, pleadings or notices contained in the state court record and in Defendant's possession are attached.

WHEREFORE, Defendant, the Vermilion Parish School Board, respectfully requests that the above-numbered and entitled state court action on the docket of the 15th Judicial District Court for the Parish of Vermilion, State of Louisiana, be removed from said court to the United States Court for the Western District of Louisiana, for a trial herein, and for all other general and equitable relief.

Respectfully submitted,

PREIS PLC

By: /s/ Brian J. Lindsey
ROBERT M. KALLAM (#20242)
BRIAN J. LINDSEY (#35887)
102 Versailles Boulevard, Suite 400
Post Office Drawer 94-C
Lafayette, Louisiana 70509
Telephone: (337) 237-6062
Facsimile: (337) 237-9129
E-Mail: rkallam@preisplc.com
blindsey@preisplc.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 27, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to persons electronically noticed. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to any non-CM/ECF participants.

/s/ Brian J. Lindsey
**BRIAN J. LINDSEY**