UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| NERISSA CARR, ET AL. | CIVIL ACTION NO. 6:18-cv-01547 |
| VERSUS | JUDGE SUMMERHAYS |
| VERMILION PARISH SCHOOL BOARD | MAGISTRATE JUDGE HANNA |

### **REPORT AND RECOMMENDATION**

Pending before the court is the motion to remand (Rec. Doc. 6), which was filed by the plaintiffs, Nerissa Carr, Holly LeBlanc, Alicia LaSalle, and Jaimee Romero, individually and on behalf of all other similarly situated employees of the Vermilion Parish School Board. The motion is opposed. The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion be GRANTED.

### **Background**

This lawsuit was originally filed in the 15th Judicial District Court, Vermilion Parish, Louisiana. The plaintiffs are teachers employed by the Vermilion Parish School Board, and the defendant is the School Board. The plaintiffs claim that they were denied extended sick leave benefits during their pregnancies.

1

The suit was brought as a class action on behalf of the four named plaintiffs and other similarly situated employees of the Vermilion Parish School Board. The proposed class was generally defined as including all female teachers employed by the School Board during the three years preceding the filing of the suit who were granted maternity leave, had no remaining regular sick leave, did have remaining extended sick leave under La. R.S. 17:1202(A), but were denied the right to use the extended sick leave. In their first cause of action, the plaintiffs seek a declaration that the ninety days of extended sick leave provided by La. R.S. 17:1202(A)(1)(a) may be used by a teacher for personal illness related to pregnancy in the same manner as any other temporary disability. In their second cause of action, the plaintiffs seek to recover the monetary value of the sick leave benefits that they claim they were denied during their recent pregnancies.

The School Board removed the suit to this forum, contending that the court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the plaintiffs alleged violations of both state and federal law. The plaintiffs responded with the instant motion to remand.

## Law and Analysis

"Federal courts are courts of limited jurisdiction. Absent jurisdiction conferred by statute, district courts lack power to consider claims."[1] Federal courts have subject-matter jurisdiction only over civil actions presenting a federal question[2] and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.[3] A suit is presumed to lie beyond the scope of federal-court jurisdiction until the party invoking federal-court jurisdiction establishes otherwise.[2] Similarly, any doubts regarding whether removal jurisdiction is proper should be resolved against federal-court jurisdiction.[3] The party invoking the court's subject-matter jurisdiction has the burden of establishing the court's jurisdiction.[4] Thus, when a lawsuit has been removed from

---

[1] *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994). See, also, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[2] 28 U.S.C. § 1331.

[3] 28 U.S.C. § 1332.

[2] *Kokkonen v. Guardian Life*, 511 U.S. at 377; *Howery v. Allstate*, 243 F.3d at 916.

[3] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

[4] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Gaitor v. Peninsular & Occidental S. S. Co.*, 287 F.2d 252, 253 (5th Cir. 1961).

state court, as this suit has, the removing party must bear that burden.[5] Accordingly, the School Board, as the removing party, has the burden of establishing that this Court has subject-matter jurisdiction over this action.

In this case, there is no allegation of diversity jurisdiction; thus, there must be federal question jurisdiction for removal to be proper.[6] Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[7] Whether a claim arises under federal law so as to confer federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[9] Under the well-pleaded complaint rule, "there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action."[10] The well-pleaded complaint rule

---

[5] *Shearer v. Southwest Service Life Ins. Co*., 516 F.3d 276, 278 (5th Cir. 2008); *Boone v. Citigroup, Inc*., 416 F.3d 382, 388 (5th Cir. 2005).

[6] *Willy v. Coastal Corp*., 855 F.2d 1160, 1164 (5th Cir. 1988).

[7] 28 U.S.C. § 1331.

[9] *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). See, also, *Terrebonne Homecare, Inc. v. SMA Health Plan, Inc*., 271 F.3d 186, 188 (5th Cir. 2001); *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998).

[10] *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002). See, also, *Saadat v. Landsafe Flood Determination, Inc*., 253 Fed. App'x 343, 344 (5th Cir. 2007).

4

makes the plaintiff the master of his complaint, allowing him to avoid federal-court jurisdiction by relying exclusive on state law.[8]

"Since a defendant may remove a case only if the claim could have been brought in federal court,. . . the question for removal jurisdiction must also be determined by reference to the 'well-pleaded complaint.'"[9] If a plaintiff chooses not to present a federal claim, even though one is potentially available, the defendant may not remove the case from state to federal court.[10] Asserted or anticipated defenses set forth in a defendant's answer or notice of removal do not provide a basis for federal question jurisdiction.[11] In other words, jurisdiction generally may not be sustained on a theory that the plaintiff has not advanced.[12]

There are exceptions to the "well-pleaded complaint" rule. One is the artful pleading doctrine, in which removal is not defeated by the plaintiff's attempt to hide

---

[8] *Caterpillar Inc. v. Williams*, 482 U.S. at 392.

[9] *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

[10] *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913); *Quinn v. Guerrero*, 863 F.3d 353, 359 (5th Cir. 2017).

[11] *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 328 (5th Cir. 2008); *Powers v. South Central United Food & Commercial Workers Unions and Employers Health & Welfare Trust*, 719 F.2d 760, 764 (5th Cir. 1983).

[12] *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. at 809 n. 6.

a federal question.[13] This doctrine applies only when the relevant state law is completely preempted by federal law.[14] In this case, the defendant has not argued that the plaintiffs' claims are completely preempted; therefore, the artful pleading doctrine is not implicated.

Another exception allows the removal of a "special and small category"[15] of cases presenting "an important issue of federal law that sensibly belongs in a federal court."[16] When a plaintiff's complaint states only a state law cause of action, federal question jurisdiction might exist if "the vindication of a right under state law necessarily turn[s] on some construction of federal law."[17] But "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction" over a case.[18]

---

[13] *Roland v. Green*, 675 F.3d 503, 520 (5th Cir. 2012); *Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.*, 271 F.3d at 188.

[14] *Bernhard v. Whitney Nat. Bank*, 523 F.3d 546, 551 (5th Cir. 2008); *Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.*, 271 F.3d at 188.

[15] *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006).

[16] *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 315 (2005).

[17] *Bernhard v. Whitney Nat. Bank*, 523 F.3d at 551 (quoting *Franchise Tax Bd. Of the State of Calif. V. Construction Laborers Vacation Trust for Southern Calif.*, 463 U.S. 1, 9 (1983)).

[18] *Willy v. Coastal Corp.*, 855 F.2d 1160, 1168 (5th Cir. 1988) (quoting *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. at 813).

Instead, the United States Supreme Court formulated the relevant inquiry as follows: "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."[19] Implementing that ruling, the Fifth Circuit articulated four requirements that must be met when determining whether a federal issue embedded in a state law cause of action will confer federal question jurisdiction. Federal question jurisdiction is appropriate when: (1) resolving the federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities.[20] The question to be resolved is whether, under this test, a federal-law issue presented here is sufficient to establish federal-question jurisdiction.

After reviewing the four critical factors, the undersigned finds that, in this case, the defendants have not carried their burden of proving the existence of federal-question jurisdiction.

---

[19] *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. at 314.

[20] *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008).

**(a)  Is Resolving a Federal Issue Necessary to the Resolution of the Plaintiff's Claims?**

In their petition, the plaintiffs alleged that the school board failed to properly interpret a state statute, La. R.S. 17:1202(A)(1)(a). They seek a declaration regarding the proper meaning of the statute and they also seek to recover sick leave benefits that they claim they were denied because of the school board's improper interpretation of the statute. On its face, the plaintiff's petition asserts only state-law causes of action. While the plaintiffs noted in their petition that there is a similar federal statute, the teachers' dispute with the school board can be resolved without interpreting the similar federal statute and without deciding any federal issue whatsoever.

This Court finds that the plaintiffs seek only to have the state statute interpreted and to recover under the state statute. The plaintiffs' complaint contains a single reference to federal law. Paragraph 47 of the complaint reads as follows, in its entirety:

> Despite the mandates of state law (La. R.S. 23:341(B)(1)) and federal law (42 U.S.C. §2000e(k)) that pregnancy, childbirth, and related medical conditions be treated as any other temporary disability for all employment-related purposes, including the receipt of benefits related to employment, each Plaintiff and each member of the Class was informed by representative of the Board that they were unable to use

8

their extended sick leave for their personal illness related to their pregnancy.[21]

The defendant interprets this paragraph as an allegation that federal law – the Pregnancy Discrimination Act of Title VII, 42 U.S.C. § 2000e(k) – was violated, bestowing federal-court jurisdiction on this action. In its removal notice, the defendant also suggested that the plaintiffs might be asserting a claim under the Federal Equal Pay Act, 29 U.S.C. § 206(d).[22] This Court finds that argument unpersuasive.

A careful reading of the plaintiffs' complaint reveals that the reference to the federal statute in Paragraph 47 of the petition was nothing more than a passing reference to the similar federal law and not an allegation that federal law was violated by the defendants' actions and omissions. The plaintiffs' petition is clear that declaratory relief is sought by the plaintiffs exclusively with regard to the cited Louisiana statute and is equally clear that monetary damages are sought exclusively for the defendant's alleged violation of the cited Louisiana statute. The plaintiffs did not ask the court to interpret a federal statute, to declare any party's rights or obligations under any federal statute, or to remedy a violation of any federal statute.

---

[21] Rec. Doc. 1-1 at 8.

[22] Rec. Doc. 1 at 5.

9

The defendant argued that the petition should be interpreted as seeking a declaration that both state statutes and the cited federal statute were violated because the federal statute was cited in Paragraph 47 and Paragraph 49 of the complaint reads as follows: "The rights of Plaintiffs and the Class are affected by the *foregoing* statutes and they are aggrieved by the Board's interpretation of the foregoing statutes and the Board's application of those statutes to them."[23] The defendant's suggested reading of the complaint ignores three things.

First, Paragraph 48 of the complaint, which is placed between Paragraphs 47 and 49, refers only to Louisiana state statutes. This Court therefore interprets the word "foregoing" in Paragraph 49 as referencing only the statutes mentioned in Paragraph 48 and not the statutes mentioned in Paragraph 47.

Second, the plaintiffs expressly sought relief only under the state statute. With regard to the plaintiffs' first cause of action, Paragraph 51 states that the plaintiffs "are entitled to judgment. . . declaring that the 90 days of extended sick leave mandated by La. R.S. 17:1202(A)(1) may be used by them for personal illness related to their pregnancies in the same manner as any other temporary disability."[24] With regard to the plaintiffs' second cause of action, Paragraph 54 states that the

---

[23] Rec. Doc. 1-1 at 8 (emphasis added).

[24] Rec. Doc. 1-1 at 9.

plaintiffs "are entitled to further relief. . . ordering Defendant to compute and pay to each of then the extended sick leave benefits to which they are entitled pursuant to La. R.S. 17:1202(A)(1)(a) for personal illness related to their pregnancies in the same manner as any other temporary disability."[25] There is no paragraph in the petition stating that the plaintiffs are seeking to recover under any federal statute. As noted previously, the only reference in the petition to any federal statute is that found in Paragraph 47, quoted above, which this Court finds is insufficient to allege a violation of federal law or demonstrate the plaintiffs' intent to seek recovery under a federal statute.

Third, the same relief expressly sought in Paragraphs 51 and 54 is echoed in the prayer at the end of the complaint, where the plaintiffs again request a declaration "that the 90 days of extended sick leave mandated by La. R.S. 17:1202(A)(1)(a) may be used by them for personal illness related to their pregnancies in the same manner as any other temporary disability" and an order requiring the school board "to compute and pay. . . the extended sick leave benefits to which they are entitled pursuant to La. R.S. 17:1202(A)(1)(a) for personal illness related to their pregnancies in the same manner as any other temporary disability."[26] There is no

---

[25] Rec. Doc. 1-1 at 9.

[26] Rec. Doc. 1-1 at 13.

prayer for a declaration of the meaning of any federal statute and no prayer for relief of any kind under any federal statute.

Reading all of the provisions of the complaint logically and in relation to each other, this Court concludes that the plaintiffs are seeking a declaration of their rights under the cited Louisiana statute and reimbursement for sick leave that they believe they were denied but they are not seeking a declaration concerning the meaning of any federal statute or damages that might be recoverable under any federal statute. Therefore, this Court finds that it is not necessary to resolve a federal issue in order to resolve the plaintiffs' claims.

**(b)** **Is the Federal Issue Actually Disputed?**

This Court has concluded, as noted above, there is no federal-law issue that must be decided in this case. Therefore, this Court further finds that there is no actually disputed federal-law issue before the court. This contrasts with those cases finding that there was federal-court jurisdiction because the proper interpretation of a federal statute had to be decided in order for the plaintiff's state-law claim to be resolved.[27]

---

[27] See, e.g., *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. at 315 ("the meaning of the federal statute is actually in dispute. . . .").

The defendant has suggested that, instead of pursuing the claims stated in the petition or in addition to pursuing those claims, the plaintiffs could pursue a private cause of action under either the Pregnancy Discrimination Act of Title VII, 42 U.S.C. § 2000e(k) or the Federal Equal Pay Act, 29 U.S.C. § 206(d). But it is not up to the defendant to determine what claims should be pursued by the plaintiffs, and the availability of alternative federal-law claims does not confer federal-court jurisdiction on the claim actually asserted by the plaintiffs. The availability of other potentially applicable remedies cannot convert the plaintiffs' state-law causes of action into federal-law causes of action supporting federal-court jurisdiction.

**(c)** **Is the Federal Issue Substantial?**

"[F]ederal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum."[28] Having already found that there is no actually disputed federal-law issue to be resolved in this lawsuit, this Court consistently finds that there is no substantial federal issue before the court.

---

[28] *Singh v. Duane Morris*, 538 F.3d at 338.

## (d) Will Federal Jurisdiction Disturb the Balance of Federal and State Judicial Responsibilities?

Even if there were a substantial and actually disputed federal question at issue in this litigation, "the federal issue will ultimately qualify for a federal forum only if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331."[29] The issue presented in this lawsuit is the interpretation of a state statute regarding the sick leave afforded by a parish school board to its pregnant teachers. While a similar federal statute was alluded to by the plaintiffs in their petition, no federal law, statute, or doctrine has been cited as governing the dispute between the teachers and the School Board. Therefore, the defendant has not persuaded this Court that the state-law issue should be converted into a federal question supporting federal-court jurisdiction. The state court where the suit was originally filed is more than capable of determining whether the state statute governing sick leave for pregnant teachers was properly interpreted and applied.

There is a private right of action afforded to litigants under the federal Pregnancy Discrimination Act of Title VII, 42 U.S.C. § 2000e(k) and under the Federal Equal Pay Act, 29 U.S.C. § 206(d). Whether there is a "federal private right

---

[29] *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.,* 545 U.S. at 313-14.

of action [is] evidence relevant to, but not dispositive of, the sensitive judgments about congressional intent that § 1331 requires."[30] But the plaintiffs chose not to assert a claim under the federal statute; instead, they sued only under the correlative state statute. Therefore, the fact that a private right of action exists for violations of the federal statute is immaterial.

The defendant based much of its argument on the fact that Congress created a private cause of action for violation of the federal statute mentioned in the plaintiffs' complaint. But it is axiomatic that when both federal law and state law create remedies, a plaintiff may assert a claim under federal law only, under state law only, or under both state and federal law. This is the plaintiff's choice as the master of his complaint. For example, an employment discrimination claim might be brought solely under Louisiana's statute on that subject, solely under the parallel federal statute, or under both statutes simultaneously at the plaintiff's option. Simply because a private cause of action exists under federal law does not mean that a plaintiff making a passing reference to that statute has chosen to initiate such a claim.

The School Board also argued in its briefing that the existence of a private cause of action under the federal statute cited in the plaintiffs' complaint changes

---

[30] *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. at 318 (internal quotation marks omitted).

15

the analysis to be applied in determining whether the claim falls within the scope of federal-question jurisdiction. That argument lacks merit. Despite the defendant's argument to the contrary, "the existence of a private cause of action is not a litmus test for the existence of a federal question."[31] The lack of a private cause of action under federal law is relevant to, but not dispositive of, the question of whether the right is substantial enough to satisfy the exercise of federal jurisdiction.[32] Therefore, whether a private right of action exists is one factor to be considered when determining whether the fourth factor identified by the Fifth Circuit weighs in favor of federal-court jurisdiction, i.e., whether federal jurisdiction will disturb the balance of federal and state judicial responsibilities. This Court finds that the issue raised in the plaintiffs' petition is particularly well-suited to resolution by a state court, since it seeks the interpretation of a state statute and does not require the resolution of a federal issue.

Perhaps most important, simply because the federal statute cited by the plaintiffs in their petition permits a private cause of action does not mean that the plaintiffs in this lawsuit have chosen to pursue such a claim or must do so. The Fifth

---

[31] *Zahora v. Precision Airmotive Corp.*, No. 06-CV-3520, 2007 WL 765024, at *1 (E.D. Pa. Mar. 9, 2007).

[32] *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. at 318.

Circuit has stated that "[w]hen a controversy between the parties may be decided under local law without the necessity of interpreting a federal statute, there is no federal jurisdiction."[33] In this case, the dispute between the School Board and its teachers regarding the sick leave benefits available during pregnancy can be resolved by interpreting the relevant Louisiana statute without pursuing a claim under a federal statute. This Court concludes that finding that this court has federal-question jurisdiction over this action would not be consistent with congressional judgment about the roles of state and federal courts. This conclusion weighs in favor of a finding that the teachers' suit does not present a federal-law claim vesting this court with jurisdiction.

In summary, the plaintiffs did not present a federal-law claim on the face of their complaint, and there is no basis for finding that the topic presented in the plaintiffs' petition is subject to complete preemption. Therefore, federal-court jurisdiction might exist only if the plaintiffs' claim fell within the small category of cases recognized in the jurisprudence as presenting a federal issue embedded in a state-law cause of action. None of the four relevant factors militates in favor of such a finding. Instead, this Court finds that the plaintiffs' petition presents only an issue

---

[33] *Hines v. Cenla Cmty. Action Comm., Inc.*, 474 F.2d 1052, 1056 (5th Cir. 1973) (citing *Cabana Mgmt., Inc. v. Hyatt Corp.*, 441 F.2d 862, 864 (5th Cir. 1971)).

17

of state law. Consequently, the court lacks subject-matter jurisdiction over this action.

**e.     Attorneys' Fees**

The plaintiffs seek to recover attorneys' fees and costs, arguing that they are entitled to such recovery because the defendant's conduct in removing this matter was unreasonable. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[34] Generally, however, "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."[35] Therefore, when an objectively reasonable basis for removal exists, no fees or costs should be awarded.[36] Whether to award costs or fees is left to the discretion of the court.[37]

In this case, there is no issue regarding the procedural propriety of removal, and the School Board presented a supportable argument concerning the applicability

---

[34]     28 U.S.C. § 1447(c).

[35]     *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

[36]     *Martin v. Franklin Capital Corp.*, 546 U.S. at 141; *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000).

[37]     *Avitts v. Amoco Production Co.*, 111 F.3d 30, 32 (5th Cir. 1997); *Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993).

of federal law to the plaintiffs' claims. Accordingly, this Court finds that the School Board had objectively reasonable grounds upon which to remove this case. Thus, although this Court earlier concluded that removal was improper because this court lacks subject-matter jurisdiction over the plaintiffs' claims, that conclusion does not require an award of attorneys' fees and costs to the plaintiffs. Exercising its discretion, this Court recommends that no attorneys' fees or costs should be awarded to the plaintiffs.

## **Conclusion**

The defendant has the burden of establishing the existence of this court's subject-matter jurisdiction. The plaintiffs' petition alleges only state-law claims, and the defendants failed to demonstrate that the petition alleges claims involving actually disputed and substantial federal-law issues that a federal court may entertain without disturbing the congressionally-approved balance of federal and state judicial responsibilities. The defendants have failed to satisfy their burden of establishing federal-question jurisdiction, and this action does not fall within the court's diversity jurisdiction. Therefore, for the reasons set forth above, the undersigned recommends that the plaintiff's motion to remand (Rec. Doc. 6) should be GRANTED and no attorneys' fees or costs should be awarded to the plaintiffs.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[38]

Signed at Lafayette, Louisiana, this 19th day of February 2019.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[38] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1).